IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

POSHUA DEWAYNE WORKS                                                          PLAINTIFF

v.                             Civil No. 4:19-cv-4069

OFFICER MASON SHEPHERD, Texarkana
Arkansas Police Department; and OFFICER
MICHAEL BRYAN, Texarkana Arkansas
Police Department                                                DEFENDANTS

## **ORDER**

Plaintiff Poshua Dewayne Works filed this 42 U.S.C. § 1983 action *pro se* on June 14, 2019. (ECF No. 1). That same day, Plaintiff submitted an *in forma pauperis* ("IFP") application but failed to answer the questions needed for the Court to determine his financial status. (ECF No. 2). The Court then entered an order directing Plaintiff to either submit a completed IFP application or pay the full filing fee on or before July 5, 2019. (ECF No. 3). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not submitted a completed IFP application and the Court's order directing him to do so has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules statein pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge